1  Caree Harper SBN 219048
2  LAW OFFICES OF CAREE HARPER
   The Marina Towers
3  4640 Admiralty Way, Suite 500
   Marina del Rey, CA 90292
4  (213) 386-5078 Tel.
   Email: *ch1@attorneyharper.com*

5  Attorneys for Plaintiffs

8  **UNITED STATES DISTRICT COURT**
9  **IN THE CENTRAL DISTRICT OF CALIFORNIA**

12 **KEIRA BUTLER,**

                    Plaintiffs,
         vs.

**OFC P. SOBASZEK, OFC. FEATHERLY, OFC. COOLEY, FORMER POLICE CHIEF BROWN & CITY OF HEMET** a Municipality, individually and in their official capacities and **DOES 1-10** inclusive,

                    Defendants.

**Case No.:** CV- 01363

**COMPLAINT FOR DAMAGES**

 1.) **Civil Rights Violations**
     42 U.S.C. § 1983

 2.) *Monell* **Allegations**
     42 U.S.C. § 1983

 3.) **Conspiracy**
     42 U.S.C. § 1985

28 Plaintiffs allege:

# INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various civil rights under the United States Constitution.

# PARTIES

2. Plaintiff, **KEIRA BUTLER,** a Black female, is and was a resident in the County of Riverside, California for all relevant times.

3. Defendant, **HEMET POLICE OFFICER P. SOBASZER**, at all relevant times was and is a sworn police officer at the Hemet Police Department.

5. Defendant, **HEMET POLICE OFFICER FEATHERLY**, at all relevant times was a sworn police officer at the Hemet Police Department.

6. Defendant, **HEMET POLICE OFFICER COOLEY**, at all relevant times was a sworn police officer at the Hemet Police Department.

7. Defendant, Former **HEMET POLICE CHIEF DAVE BROWN**, at all relevant times, was a sworn police officer and Chief at the Hemet Police Department.

8. At all relevant times, Defendant **CITY OF HEMET ("CITY")** is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants and DOES who were police officers, and DOES 1-5 who were police officer and supervisorial officers, and who were managerial, supervisorial, and policymaking employees of the CITY police department.

9. At all relevant times, Defendants and DOES 1-5 were duly appointed officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants were acting on the implied and actual permission and consent of CITY.

11. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

12. The true names of defendants DOES 1 through 5, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Riverside, California.

///
///
///

## STATEMENT OF FACTS

15. On or about July 7, 2017[1], the police were called regarding a domestic dispute at the residence the Plaintiff shared with her husband and children in the City of Hemet. Prior to their arrival, Plaintiff KEIRA went to sit in her legally parked vehicle and was contacted by Defendant officer SOBASZEK and asked if she called police. After receiving her identification Defendant SOBASZEK questioned Plaintiff KEIRA in a manner that made her feel as though her safety was in jeopardy. SOBASZEK told KEIRA to get out of the car, but she refused due to fear. Additional officers FEATHERLY and COOLEY arrived and she requested a female officer. Other officers arrived but none were the female officer requested. Defendant officers put on black gloves, put their hands in Plaintiff's car, unlocked the door and snatched the Plaintiff out of her vehicle. Defendants violently slammed her head onto ground several times breaking her nose, and giving her a black eye and concussion. Defendant officers, specifically SOBASZEK, put knees in Plaintiff KEIRA's back causing nerve damage, all the while calling the Plaintiff a "Black bitch" while hurting her and threatening to continue to hurt her. Plaintiff KEIRA videotaped the encounter with police. When one Defendant officer realized she was videotaping he violently slammed the Plaintiff's telephone into the ground and broke it. The unknown officer's attempt to destroy the videotaped evidence was not successful.

16. Plaintiff KEIRA was then wrongly charged with a crime and forced to incur the costs of bail. Later that evening when she arrived home, police responded again. Police violently threw her down in front of her daughter, minor "G.B.", causing "G.B." to wet herself and cry.

17. At the time the officers engaged with the KEIRA BUTLER there was no threat of violence, no exigent circumstances existed, and at no time did the officers tell her that they were going to use force on her.

---

[1] Plaintiff was mentally incompetent from 11/13/17 through May 2018 and therefore asserts that a tolling of the statute of limitations applies here.

18. Defendant caused Plaintiff to be prosecuted until September 2017.

## FIRST CLAIM FOR RELIEF
**Unreasonable Search and Seizure—Excessive Force, Substantive Due Process (42 U.S.C. § 1983) (Against All HEMET Officer Defendants)**

19. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. The unjustified use of force, deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

21. As a result of the assault, battery and false arrest, Plaintiff suffered extreme pain and suffering. Plaintiff is also claiming loss of income.

22. As a result of the conduct of the Officer Defendants, they are liable for injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

23. This use of force was excessive and unreasonable under the circumstances, especially since Plaintiff never physically injured or attempted to physically injure the Officer Defendants, or anyone else prior to being battered. Plaintiff never verbally threatened and never brandished a weapon at the Officer Defendants. Defendants' actions deprived Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

24. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

25. The aforementioned actions of the Defendants, along with other

undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

26. The Officer Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff.

27. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983) (Against FORMER CHIEF DAVE BROWN, DOES 6-10, &"CITY")**

28. Plaintiff repeats and re-alleges each and every allegation in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

29. Defendant BROWN's seemingly devoid of the concept of equal protection under the law, advocated and ratified policies that inherently jeopardized the safety the citizens in Hemet, specifically people of color. Defendant BROWN knew or reasonably should have known that his subordinates engaged in "illegal activities …including destruction of evidence by police officers, battery of prisoners by police officers, civil rights violations by police officers…" as alleged by former Hemet officer Anthony Kitchen, who worked with these Defendant officers, and as asserted herein by Plaintiff.   Mr. Kitchen resigned in January 2018 because of the pervasive illegal activities.

30. **BROWN** has condoned and ratified policies that allow officers involved in critical incidents to avoid responsibility, accountability and discipline. They have emboldened the officers by creating and maintaining an environment where officers know that no matter what they do they will not be punished in any way for inflicting serious bodily injury or killing people of color.

31. For some time prior to July 7, 2017 (and continuing to the present date) the individual OFFICER Defendants, deprived Plaintiff of the rights and

liberties secured by the Fourth and Fourteenth Amendments to the United States Constitution, in that, said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

  (a) Employing and retaining police officers and promoting them and other personnel, including the Officer Defendants, DOES 1- 10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY police department's policies, including the use of excessive force;

  (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including the Officer Defendants, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

  (c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant the Officer Defendants, who are police officers of CITY;

  (d) By failing to discipline CITY officers' conduct, including but not limited to, excessive force;

  (e) By ratifying the intentional misconduct of Defendant the Officer Defendants, who are officers of CITY;

  (f) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-10, were done with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by CITY police officers.

32. The Hemet Police Department has a pattern and practice of using excessive force on people of color, destroying evidence and other illegal activities as described above, and although Former Chief BROWN knew of said activities he did nothing.

## THIRD CAUSE OF ACTION
### Conspiracy
### (Against ALL OFFICER DEFENDANTS)

33. Plaintiff restates and incorporates by reference, as though fully set forth herein, the allegations contained in all paragraphs above.

34. Commencing on the date of the seizure, and thereafter, Defendants and two or more of them, conspired together to act and to fail to act as herein before alleged, for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the State of California. Specifically, the Defendant officers' specific conspiratorial effort was to undermine transparency, conceal felony battery, the destruction of evidence and to jointly concoct lies about their illegal activity.

35. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. §1985. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demand and are entitled to the damages previously recited, including, but not limited to, general and punitive damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray, and request entry of judgment in their favor and against Defendants, as follows:

36. For compensatory damages, including wrongful death damages under federal law, in the amount to be proven at trial;

37. For loss of income;

38. For punitive damages against the individual defendants in an amount to be proven at trial;

39. For interest;

40. For reasonable costs of this suit and attorneys' fees; and

41. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: 7/22/19               LAW OFFICES OF CAREE HARPER

/S/ Caree Harper
By:_____

Caree Harper
Attorney for Plaintiffs

**JURY TRIAL DEMAND.**

Plaintiff hereby requests a trial by jury.

DATED: 7/22/19               LAW OFFICES OF CAREE HARPER

/S/ Caree Harper
By:_____
Caree Harper
Attorney for Plaintiffs

9
COMPLAINT FOR DAMAGES